UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDERICK C. ARNOUL and
ANNETTE ARNOUL,

      Plaintiffs,

-vs-                                     Case No.  8:07-cv-1490-T-24-TGW

BUSCH ENTERTAINMENT
CORPORATION,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion for partial summary judgment (Doc. No. 46) and Defendant's Motion for final summary judgment (Doc. No. 44).  Each party filed a Response in opposition to the opposing party's Motion. (Docs. No. 50, 52.)

### INTRODUCTION

Plaintiffs Frederick C. Arnoul ("F. Arnoul") and Annette Arnoul ("A. Arnoul") have filed suit against Defendant Busch Entertainment Corporation, claiming that (1) Defendant failed to maintain the Busch Gardens amusement park in a reasonably safe condition, causing Plaintiff F. Arnoul to be injured while on the premises, and (2) this injury resulted in a loss of consortium to Plaintiff A. Arnoul. (Compl.)

Plaintiffs move for partial summary judgment that (1) Defendant's duty to maintain the premises of the amusement park in a safe condition was non-delegable, and (2) Defendant cannot apportion any part of Plaintiffs' damages to Plaintiff F. Arnoul's treating healthcare providers.


(Doc. No. 46.) Defendants respond that Plaintiffs present an evidentiary issue, rather than a proper issue for summary judgment. (Doc. No. 52.)

Defendant moves for full summary judgment on the ground that Plaintiffs' factual allegations, if taken as true, do not demonstrate that the amusement park was unreasonably dangerous or that Defendant had a duty to warn of any alleged danger. (Doc. No. 44.)

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Id. When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. Id.

## BACKGROUND

On December 26, 2006, Plaintiff F. Arnoul was visiting Busch Gardens with his son and granddaughter. (Compl., p. 2.) He was walking when he spotted a low-hanging tree branch that extended over the pedestrian pathway, approximately twelve feet in front of him. (Pl. F.

Arnoul's depo., pp. 37–38; see Def.'s Ex. A)  The tree branch protruded over the walkway at a height of approximately five and a half feet.  (Doc. No. 50, p. 6.)  When Plaintiff F. Arnoul was just in front of the tree branch, he looked down, in response to a statement by his granddaughter, and walked directly into the branch, causing him to fall and incur injuries to his back, spine, and head.  (Compl., p. 2; F. Arnoul's depo., p. 38.) These injuries resulted in his inability to provide support, services, comfort, society, and attentions to his wife, Plaintiff A. Arnoul.  (Compl., p. 4.)

Plaintiffs claim that Defendant had a duty to clear the branch from over the crowded pedestrian walkway, because the crowds, the park's visual distractions, and the small children often accompanying park visitors, make such obstructions unreasonably dangerous.  (Compl.) Defendant claims that because the tree branch was an open and obvious danger, it had no duty to remove it or to warn visitors of its presence.  (Doc. No. 44.)

## **DISCUSSION**

A landowner owes a duty to  business invitees to (1) "use reasonable care in maintaining the landowner's premises in a reasonably safe condition," and (2) to warn of "concealed perils that are or should be known to the landowner" but that would not be discovered by the invitee through the use of reasonable care. St. Joseph's Hosp. v. Cowart, 891 So. 2d 1039, 1040 (Fla. 2d DCA 2004).

### A.  *Maintaining the Premises*

A landowner has a duty to make his property reasonably safe for the business invitees that he solicits.  This duty includes mitigating some potential dangers by  repairing broken

stairway handrails,[1] removing slippery substances on stairways,[2] and lighting dark objects that may be hard to see at nighttime,[3] for example.  However, a landowner is not responsible for preventing any and all injuries to his invitees, even when caused by conditions on the property, because "some injury-causing conditions are so open and obvious that they can be held as a matter of law not to give rise to liability as dangerous conditions."  Taylor v. Universal City Prop. Mgmt., 779 So. 2d 621, 622 (Fla. 5th DCA 2001); see also, McAllister v. Robbins, 542 So, 2d. 470, 470 (Fla. 1st DCA 1989) (ruling for the defendant when the plaintiff's injuries were caused by an obstruction that the plaintiff saw but negotiated incorrectly);  Crawford v. Miller, 542 So. 2d 1050, 1051 (Fla. 3d. DCA 1989) (finding that, where a plaintiff had actual knowledge of a protrusion onto a walkway, the premises was not in an unreasonably dangerous condition, since the plaintiff's injuries could have been avoided by her taking due care to avoid them). This is because the law allows landowners to presume that invitees will use their senses in navigating their environs.  Aaron, 908 So. 2d at 574.

Thus, only when a landowner should anticipate that people will choose to negotiate obvious hazards and thereby injure themselves, despite their awareness of the danger, is the landowner responsible for injury resulting from an obvious condition.  Aaron, 908 So. 2d at 576–77.  Such anticipation should occur, for example, when avoiding the hazard would be impossible or highly inconvenient.  See, e.g., Hancock, 585 So. 2d 1068 (finding that a broken stairway handrail constituted a triable issue of fact as to whether the premises was unreasonably

---

[1]Hancock v. Dept. of Corrections, 585 So, 2d 1068 (Fla. 1st DCA 1991).

[2]Taylor v. Tolbert Enters., 439 So. 2d 991 (Fla. 1st DCA 1983).

[3]Aaron v. Palatka Mall, L.L.C., 908 So. 2d 574 (Fla. 5th DCA 2005)

dangerous, even though the condition was known to Plaintiff before he fell and reached for the rail); Taylor v. Tolbert Enters., 439 So. 2d 991 (finding that where, in order to use a public stairway, one had to cross through a slippery substance, the owners should have anticipated that people would traverse the substance).

However, that an accident with an obviously dangerous condition occurs on a landowner's premises does not in itself prove the landowner's negligence. Cowart, 891 So. 2d at 1041. If the obviousness of the condition would lead a reasonable person to believe that the danger will be avoided, the condition is not unreasonably dangerous, and the landowner is not liable. Some conditions held as a matter of law to be so open and obvious as not to be dangerous include lights approximately one-foot in height protruding over a sidewalk[4] and even protruding, uneven bricks placed around a tree in a church yard used for children's football games.[5] So, merely being on another's property when injured by such conditions does not automatically allow a person to shift the fault for accidents caused by his own negligence.

Here, the condition cited by Plaintiffs is a tree branch extending approximately five and a half feet above the ground, stretched over a busy pedestrian sidewalk. Plaintiffs claim that the branch constitutes an unreasonably dangerous condition, because it spreads over a designated walkway where the amount of pedestrian activity and the flashy displays and award-winning landscaping—designed to lure pedestrians' eyes away from the path in front of them—make it likely that pedestrians will not notice the branch and so will walk into it, the way Plaintiff F. Arnoul did. The argument fails for two reasons.

---

[4]Crawford v. Miller, 542 So. 2d 1050 (Fla. 3d. DCA 1989)

[5]K.G. v. Winter Springs Cmty. Evangelical Congregational Church, 509 So. 2d 384 (Fla. 5th DCA 1987).

Plaintiffs' argument is first refuted by Plaintiff F. Arnoul's own admission that he saw the branch when he was twelve feet away from it.  See McAllister, 542 So, 2d. at 470; Crawford, 542 So. 2d at 1051.  He walked into the branch after seeing it, because he was distracted by his granddaughter.  Plaintiffs also claim that staff members saw other pedestrians take evasive manouevres to avoid the branch.  (Doc. No. 50, p. 7.)  Far from demonstrating the branch's potential danger, this acknowledgment emphasizes that others were able to see the branch clearly and to avoid it.  Nowhere do Plaintiffs claim that other pedestrians missed or were hurt by the branch.  So Plaintiff offers conjecture, but no evidence, that the conditions at the park made him or anyone else unable to see the branch or navigate around it.

The second reason the Court rejects Plaintiffs' argument is that—while the law does look to the entirety of the circumstances surrounding an accident, including the likelihood of distraction by an invitee—to adopt a rule that any crowded pathway flanked by picturesque or busy surroundings must be entirely devoid of physical obstruction would be a bold step onto a slippery slope.  Plaintiffs have cited no reason why such a rule would stop after finding negligence in the low-hanging branch and would not force Defendant to remove the tree trunk, planters, benches, or garbage cans placed within the same pedestrian area (See Def.'s Ex. A), as a distracted walker-by might just as easily stumble into one of those objects while not watching where he was going.  Thus, the ruling that Plaintiffs seek has too broad a sweep.  There is no premises safe enough to entirely foreclose the risk that a guest might injure himself during an inattentive moment.  The law allows landowners to maintain, within reason, natural and visible diversity and to trust that invitees will use their common sense to avoid obvious potential

injury—by not walking into trees, for example. The Court is not prepared to dispense with the duty of care owed to one's self, the exercise of which others are entitled to depend upon.

Some degree of risk can be anticipated no matter the environment. The law does not find fault with men for not futilely endeavoring to change this immutable fact, but recognizes that allowing some degree of risk will always be reasonable. Plaintiffs have presented no evidence tending to show that the branch posed any more than this type of obvious, easily avoidable, reasonable danger.[6]

### B. *Warning of Hidden Perils*

Landowner's have a duty to warn invitees of known concealed perils that would not be discovered by invitees through the use of due care. Cowart, 891 So. 2d at 1040. There is no such duty when the condition is open and obvious. City of Melbourne v. Dunn, 841 So. 2d 504, 505 (Fla. 5th DCA 2003) ("An owner of land . . . is entitled to assume an invitee will perceive" a "glaringly open and obvious obstacle."). Because, as discussed *supra*, Plaintiffs have not submitted evidence beyond conjecture suggesting that the branch was concealed, the Court finds that the condition was open and obvious and that Defendant had no duty to warn its invitees of the branch.

---

[6]Plaintiffs include an argument that the branch was unreasonably dangerous because the low tree limb was deemed a "contributing factor" to Plaintiff F. Arnoul's injuries. This argument is inapposite. It is undisputed that Plaintiff F. Arnoul was injured after walking into the low branch. The issue here is whether he did so as the result of Defendant's negligence.

## **CONCLUSION**

Because the injuries incurred by Plaintiffs were caused by Plaintiff F. Arnoul's failure to take precautions against a reasonable, open, and obvious potential danger, the Court finds that Defendant is not liable for Plaintiffs' injuries or the resulting loss of consortium.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for final summary judgment (Doc. No. 46) is GRANTED and Plaintiffs' Motion for partial summary judgment (Doc. No. 44) is, therefore, moot. The Clerk is directed to enter judgment in favor of Defendant and close the case.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record.