UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDERICK C. ARNOUL
and ANNETTE ARNOUL,

      Plaintiffs,

v.                                            Case No. 8:07-cv-1490-T-24 MAP

BUSCH ENTERTAINMENT
CORPORATION,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Busch Entertainment Corporation's motion for attorneys' fees and costs. (Doc. 60.) Plaintiffs have submitted a response in opposition to the motion (Doc. 65) to which Defendant has filed a reply (Doc. 72).

## BACKGROUND

On December 26, 2006, while visiting Busch Gardens Amusement park, Plaintiff F. Arnoul walked into a low-hanging tree limb that was stretched across the pedestrian walkway. (Compl., p. 2.) Plaintiff F. Arnoul sustained injuries from the fall for which he sued Defendant, claiming Defendant had failed its duty to maintain its premises in a reasonably safe condition or to warn park-goers of the dangers contained thereon. (Compl.) His wife, A. Arnoul, became a Co-Plaintiff in the case, suing Defendant for loss of consortium. (Id.) This suit was commenced in state court on June 28, 2007 and was removed to federal court on August 21, 2007.

On October 1, 2007, Defendant made settlement offers of of $900 and $100 to Plaintiffs F. Arnould and A. Arnoul, respectively, to be paid in exchange for dismissing the case and signing a release of liability with regard to Defendant and its associates for all claims arising out

of the tree-branch incident. (Def.'s Exs. A, B.) Plaintiffs refused the offers. Then, on June 19, 2008, Defendant offered another settlement of $34,000 to Plaintiff F. Arnoul and $1,000 to Plaintiff A. Arnoul in exchange for dismissing the case and signing the release. (Def.'s Exs. C, D.) Plaintiffs again refused.

On July 31, 2008, Defendant moved for summary judgment on the grounds that the tree branch was such an open and obvious a "danger" that Defendant had no duty to remove it or warn passers-by of the branch's presence. (Doc. 44.) On October 6, 2008, the Court granted summary judgment in favor of Defendant. (Doc. 56.)

Defendant now moves for attorneys' fees and costs under Florida's Offer of Judgment Statute, Fla. Stat. § 768.79, for the fees and costs incurred in its defense after its offer of settlement on October 1, 2007. (Doc. 60.) Plaintiffs oppose the motion on the ground that the release required by Defendant in exchange for the settlement sums was too ambiguous to be reasonable. (Doc. 65.) They also reserve the right to further contest the reasonableness of the fees and costs themselves, which Plaintiffs claim they could not do fully in their response, because no complete and itemized billing statement was submitted with the motion. (Id.)

## DISCUSSION

### II.  Florida Statute § 768.79

Defendants move for attorneys' fees and costs pursuant to Florida's Offer of Judgment Statute, § 768.79, which provides: "In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him . . . from the date of filing of the offer if the judgment is one of no liability." Fla.

Stat. § 768.79(1). In order to be entitled to fees and costs, the offer of judgment must (1) be in writing and state that it is made pursuant to Florida Statute § 768.79; (2) name the party making the offer and name the party to whom the offer is made; (3) state with particularity the amount offered to settle a claim for punitive damages, if any; and (4) state the total amount of the offer. Fla. Stat. § 768.79(2).

A. REASONABLENESS OF OFFER

If the plaintiff rejects an offer that complies with the requirements of § 768.79 and does not obtain a judgment against the defendant, the court must award the defendant its fees and costs, unless the court, in its discretion, determines that the offer was not made in good faith. Fla. Stat. § 768.79(7)(a); Vines v. Mathis, 867 So. 2d 548, 550 (Fla. 1st DCA 2004). If the court finds that the offer was not made in good faith, the court may disallow the award of fees and costs. Fla. Stat. § 768.79(7)(a).

"The burden is on the offeree to prove the absence of good faith." See Camejo v. Smith, 774 So. 2d 28, 29 (Fla. 2d DCA 2000)(citation omitted); see also Schmidt v. Fortner, 629 So. 2d 1036, 1041 n.6 (Fla. 4th DCA 1993). In determining whether the offer was made in good faith, the court considers whether the offeror had a reasonable foundation upon which to make the offer. See Camejo, 774 So. 2d at 29 (citations omitted). However, the offeror is not required to "possess, at the time he makes the offer, the kind or quantum of evidence needed to support a judgment." Donohoe v. Starmed Staffing, Inc., 743 So. 2d 623, 625 (Fla. 2d DCA 1999)(citation omitted).

Proof that an offer was made in "bad faith requires a showing beyond the mere amount of the offer." Fox v. McCaw Cellular Communications of Florida, Inc., 745 So. 2d 330, 333 (Fla.

3

4th DCA 1998). "A nominal offer is appropriate where the offeror has a reasonable basis to believe that exposure to liability is minimal." Zachem v. Paradigm Properties Management Team, Inc., 867 So. 2d 1263, 1263 (Fla. 1st DCA 2004). The determination of whether an offer was made in bad faith involves a matter of discretion and is to be determined from the facts and circumstances surrounding the offer. See Fox, 745 So. 2d at 333.

In this case, the Court did not find the questions of fact nor of law to be close. It was undisputed that Plaintiff saw the branch from a distance of approximately twelve feet away. He walked into the branch when he became distracted and stopped watching where he was going. Thus, the fact that the branch was an easily ascertainable and avoidable obstacle seemed clear from the face of the undisputed allegations. There is no reason, therefore, to find that the nominal amounts offered to Plaintiffs were made in bad faith. See Weesner v. United Servs. Auto. Ass'n., 711 So. 2d 1192 (Fla. 5th DCA 1998) (finding that a $100 settlement offer was made in good faith where defendant believed itself free from liability); State Farm Mut. Auto Ins. Co. v. Marko, 695 So. 2d 874 (Fla. 2d DCA 1997) (finding a one dollar settlement offer to be in good faith for the same reason). Nor do Plaintiffs appear to dispute that the amount of the offer was reasonable. (See Doc. 65.)

Plaintiffs dispute the validity of the offer on the grounds that the release that accompanied it was ambiguous in its statement that:

> The undersigned . . . for and in consideration of the sum of [settlement amount] . . . do hereby fully and completely release and discharge Busch Entertainment Corporation and all other companies, corporations (including parent, subsidiary, related, or affiliated companies), agencies, partnerships, organizations, **businesses or other entities affiliated, associated, related, owned, or operated by or with Busch Gardens Entertainment Corporation** . . . of any obligation, liability, or responsibility arising out of the action styled *Frederick C. Arnoul and Annette Arnoul v. Busch Entertainment Corporation* in the United States District Court, Middle District of Florida, Tampa

4

>Division, Case No.: 8:07-cv-1490-T-24-TGW pertaining to an incident which was alleged to have occurred at Busch Gardens Tampa on or about December 26, 2006.

(Def. Ex. A, p.5; Def. Ex. B, p.5; Def. Ex. C, p.5; Def. Ex. D, p.5) (bold emphasis added). Plaintiffs assert that the bolded phrase above renders the release both ambiguous and unreasonable, as Plaintiffs construe the phrase to protect from liability any party that has ever had any relationship—formal or informal—with Busch Gardens, such as the hospital that received Plaintiff F. Arnoul after he sustained an injury in the park.

Plaintiffs rely on the requirement taken from Florida Rule of Civil Procedure 1.442 that states that non-monetary terms in general releases be so particular as to not require clarification or judicial interpretation. (Doc. 65, p. 5.) However, it is § 768.79 that binds the Court in substantive matters while Rule 1.442 merely governs procedural matters. Timmons v. Combs, 608 So. 2d 1, 3 (Fla. 1993).

Further, even if Rule 1.442 applied, the Court reads this release to be broad, not ambiguous. Words such as "associated" constitute "standard" language "sufficiently clear and unambiguous" to constitute a reasonable good-faith release. See Bd. of Trs. of Fla. Atl. Univ. v. Bowman, 853 So. 2d 507, 509–10 (Fla. 4th DCA 2003) (finding that a release of "affiliates" and others to be "standard" and acceptable release language for the purposes of § 768.79). Breadth alone, as opposed to ambiguity, does not invalidate a release. Ambeca, Inc. v. Marina Cove Vill. Townhome Ass'n., Inc., 880 So. 2d 811, 812 (Fla. 1st DCA 2004) (noting that while a release extinguishing claims for "causes of action that may accrue in the future based on unrelated facts and events that have not yet occurred" would not trigger the entitlement to post-offer fees, "a release that contains broad expansive language is not *per se*, invalid" in that respect).

Allowing plaintiffs to avoid the statutory fee-shifting provision by scrutinizing settlement

offers for minor problems after the fact would defeat the purpose of § 768.79 by eliminating the intended incentive for defendants to make reasonable settlement offers. <u>Carey-All Transp. Inc v. Newby</u>, 989 So. 2d 1201, 1206 (Fla. 2d. DCA 2008). Here, the release is confined to claims arising out of the tree-branch incident occurring in the park and applies to entities related to Busch Gardens. The Court finds this language to be sufficiently specific to constitute a fee-triggering offer of settlement. Accordingly, the Court finds that Defendant is entitled to reasonable fees and costs, since it made offers in good faith that complied with the requirements of § 768.79 and that were not accepted by Plaintiff.

B. REASONABLENESS OF FEES AND COSTS

If the plaintiff rejects an offer that complies with the requirements of § 768.79 and does not obtain a judgment against the defendant, and if the plaintiff does not show that the offer was made in bad faith, then the court must determine the reasonableness of the fees and costs requested. Fla. Stat. § 768.79(7)(b). In considering the reasonableness of the fees and costs requested, the court considers the factors set forth in Florida Statute § 768.79(7)(b), including "[t]he then apparent merit or lack of merit in the claim" and "[t]he closeness of questions of fact and law at issue."

"In determining a reasonable award of attorney's fees, the Court utilizes the lodestar method, which considers the reasonable hourly rate multiplied by the reasonable hours." <u>Pinchinat v. Graco Children's Products, Inc.</u>, 2005 WL 1459409, at *1 (M.D. Fla. June 20, 2005)(citations omitted). Defendant did not submit its itemized billing record with its motion for attorneys' fees and costs, but rather attached affidavits by Defendant's lead counsel and a billing expert summarizing the amount of time worked, the fees charged for that time, and the

reasonableness of each.  As a result, neither Plaintiffs nor the Court had the ability to determine the reasonableness of those hours or fees. Defendant later filed its itemized billing statement as an attachment to its reply (Doc. 72), but the timing of this submission deprived Plaintiffs of the opportunity to fully challenge the charges.  The Court therefore reserves ruling as to whether the attorneys' fees and costs requested are reasonable and directs Plaintiffs to file their response to the billing statement on or before January 5, 2009.

In contrast, Defendant did submit documentation to support its request for expert witness fees in the amount of $3,375.00 with its motion. (Def.'s Ex. G.)  Expert witness fees may be awarded as costs under § 768.79.  See Walgreen Co. v. Sklandis, 895 So. 2d 1201 (Fla. 3d DCA 2005).  Plaintiffs have not disputed these costs.  As such, the Court considers Plaintiffs' lack of specific opposition to the expert witness fees as conceding that they are reasonable and appropriate under § 768.79.  Therefore, the Court awards Defendant $3,375.00 in expert witness fees.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that

(1)   Defendant's motion for attorneys' fees and costs (Doc. 60) is :

**GRANTED** as to the issue of whether Defendant is entitled to reasonable attorneys' fees and costs; and

**GRANTED** as to the costs of Defendant's expert witness; and

**RESERVED FOR LATER RULING** as to whether the attorneys' fees and non-expert costs requested are reasonable.

(2)   Plaintiff is directed to file its response to Defendant's billing statement on or

before January 5, 2009.

(3)     Defendant is entitled to $3,375.00 in expert-witness costs.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of December, 2008.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record